**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **DAVID M. WETHY, 4458 SAVAGE STATION FAMILY LAND TRUST,** | ) ) ) | |
| **Plaintiffs,** | ) | |
| **vs.** | ) | **No. 3:13-CV-2547-N (BH)** |
| | ) | |
| **BARRETT, DAFFIN, FRAPPIER, TURNER & ENGLE LLP, et. al.,** | ) ) ) | |
| **Defendants.** | ) | **Referred to U.S. Magistrate Judge** |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION

Pursuant to Special Order No. 3-251, this *pro se in forma pauperis* case has been

automatically referred for pretrial management.  Based on the relevant filings and applicable

law, the case should be dismissed without prejudice.

## I.  BACKGROUND

The *pro se* individual plaintiff filed this case purportedly as trustee for the 4458 Savage

Station Family Land Trust and moved to proceed *in forma pauperis* (IFP) on July 2, 2013.  (*See*

docs. 3, 4.)  By *Notice of Deficiency and Order* dated July 2, 2013, he was advised that he could

not represent the trust *pro se*, and that it must obtain legal counsel within 14 days.  (*See* doc. 7.)

The order specifically advised him that to the extent that he sought to assert his own individual

claims against the defendants, he could file an amended complaint within 14 days that asserted

his personal claims *only*.  By separate order also dated July 2, 2013, the individual plaintiff was

advised that he had not filed a proper motion to proceed IFP as to any claims he was asserting

against the defendants on his own behalf.  (*See* doc. 6.)[1]  He was ordered to either pay the fee or

---

[1] He was also advised that the trust was required to pay the $400 filing fee within twenty (20) days.  *See Rowland v. California Men's Colony*, 506 U.S. 194 (1993) (only a natural person may qualify for treatment *in forma*

file a proper IFP motion on his own claims within 14 days, and a form motion was mailed to him.  Both orders expressly provided that failure to comply with the terms of each order could result in the dismissal of this action.

On July 16, 2013, the individual plaintiff filed four "answers" to the *Notice of Deficiency and Order[s]* dated July 2, 2013.  (*See* docs. 8-11.)  He contends that he is not required to file an IFP motion on the proper form, which must be signed under penalty of perjury.  (*See* docs. 9, 10.)  He also contends that as the personal representative of the trust, he may represent it trust in federal court.  (*See* docs. 8, 11.)  He has not paid the filing fee, filed a motion for leave to proceed IFP as to his own claims, or filed an amended complaint setting forth his own claims.  No attorney has entered an appearance on behalf of the trust.

## II.  INVOLUNTARY DISMISSAL OF INDIVIDUAL CLAIMS

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court.  *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action).  This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).

By order dated July 2, 2013, the individual plaintiff was given 14 days to pay the filing fee or submit an application to proceed IFP*,* and to file an amended complaint setting forth only his claims.  (*See* doc. 6.)  He was specifically warned that failure to do so could result in dismissal of this action.  His answers show that he does not intend to comply with this order.  Because he failed and refuses to follow a court order, any claims solely on behalf of the individual plaintiff  should be dismissed without prejudice under Rule 41(b) for failure to

---

*pauperis* under 28 U.S.C. § 1915).

prosecute or follow orders of the court.

### III.  INVOLUNTARY DISMISSAL OF TRUST'S CLAIMS

In the federal courts of the United States, "parties may plead and conduct their own cases personally or by counsel."  28 U.S.C. § 1654.  Although individuals have the right to represent themselves or proceed *pro se* under this statute, "individuals who do not have a law license may not represent other parties in federal court even on a next friend basis."  *Weber v. Garza,* 570 F.2d 511, 514 (5th Cir.1978); *see also Guajardo v. Luna,* 432 F.2d 1324 (5th Cir.1970) (holding that only licensed lawyers may represent others in federal court).

It is well-established that corporations are fictional legal persons who can only be represented by licensed counsel.  *Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993); *Memon v. Allied Domecq QSR,* 385 F.3d 871, 873 (5th Cir. 2004) (*per curiam*) (citing *Rowland* and *Donovan v. Road Rangers Country Junction, Inc.,* 736 F.2d 1004, 1005 (5th Cir. 1984) (*per curiam*)); *Southwest Express Co., Inc. v. Interstate Commerce Commission,* 670 F.2d 53, 54-56 (5th Cir. 1982).  "This is so even when the person seeking to represent the corporation is its president and major stockholder."  *In re K.M.A., Inc.,* 652 F.2d 398, 399 (5th Cir. 1981) (citation omitted).  When a corporation declines to hire counsel to represent it, the court may dismiss its claims if it is a plaintiff, or strike its defenses if it is a defendant.  *See Donovan,* 736 F.2d at 1005.  "The rationale for prohibiting *pro se* corporate representation also extends to trusts."  *U.S. v. Dolenz*, 3:09-CV-13110-O, 2010 WL 428910 (N.D. Tex. Feb. 2, 2010) (citing *Retired Persons Fin. Serv. Clients Restitution Trust v. U.S. Attorney for the Northern District of Texas,* No. 3-03-CV-2658-D, 2004 WL 937170 at *1 (N.D.Tex. Apr.29, 2004) (collecting cases); *see also Dillard Family Trust v. Chase Home Finance, LLC,* 3:11-CV-1740-L, 2011 WL 6747416, *5 (N.D. Tex. Dec. 23, 2011) (citations omitted) ("a non-attorney trustee may not

represent a trust *pro se*.").

By order dated July 2, 2013, the individual plaintiff was advised that because he does not appear to be licensed to practice law, he may not represent the trust in this action without legal representation. (*See* doc. 7.)  He was also advised that he must retain counsel to represent the trust, and that if counsel had not entered an appearance on behalf of the trust within 14 days, dismissal of the trust's claims would be recommended. (*See* doc. 7).  More than 14 days have passed, but no attorney has entered an appearance on behalf of the trust.  According to his answers, he does not intend to retain counsel to represent the trust or to comply with the Court's order.  Because he may not represent the trust *pro se*, any claims on behalf of the trust should be dismissed without prejudice.

## IV.  SANCTIONS

The Court possesses the inherent power "to protect the efficient and orderly administration of justice and . . . to command respect for the court's orders, judgments, procedures, and authority."  *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993).  Included in this inherent power is "the power to levy sanctions in response to abusive litigation practices."  *Id.* Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims.  *See* Fed. R. Civ. P. 11; *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993).  *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets."  *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).  "Abusers of the judicial process are not entitled to sue and appeal without paying the normal filing fees – indeed, are not entitled to sue and appeal, period.  Abuses of process are not merely not to be subsidized; they are to be sanctioned."  *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989).

Since 2011, the individual plaintiff has filed at least twenty-one *pro se* lawsuits in the United States District Court for the Northern District of Texas, many of which he has purportedly filed on behalf of a trust or corporation.  He has been repeatedly advised that he may not represent a trust or corporation *pro se*, and the claims of the trusts or corporations he purports to represent have been either voluntarily dismissed by him, or they have been dismissed by the court for lack of licensed counsel or for failure to state a claim.[2]  Claims asserted on the plaintiff's behalf as an individual in some of those cases and in others have also been voluntarily dismissed by the plaintiff, or they have been dismissed by the Court for failure to prosecute or follow court orders, lack of jurisdiction, or failure to state a claim.[3]

Given the number of cases filed by the plaintiff since 2011 that have been dismissed because he may not represent a trust or corporation, or because of failure to prosecute or follow

---

[2] *See Wethy v. Ortolani et al.*, 3:13-CV-593-M (voluntary dismissal of trust's claims in response to order requiring claims to be signed by counsel); *Stone Mountain Trust et al. v. Mackie Wolf & Zientz PC et al.*, 3:13-cv-658-B (trust's claims dismissed for failure to secure counsel); *Wethy v. Mortgage Electronic Registration Sys., et al.*, 3:13-cv-1265-D (trust's claims dismissed for failure to secure counsel); *1205 Yorkshire Drive Family Land Trust et al. v. Codilis & Stawiarski PC et al.*, 3:13-cv-2544-L (order for trust to retain counsel pending); *931 Wood Brook Land Trust et al. v. Hughes, Watters & Askanase LLP*, 3:13-cv-2554-G (order for trust to retain counsel pending); *New Vision Investments et al. v. PNC Bank Nat'l Assn et al.*, 4:12-cv-612-Y (voluntary dismissal of corporation's claims after order unfiling complaint on its behalf for lack of counsel); *Bookman et al. v. McCarthy Holthus & Ackerman LLP*, 4:12-cv-615-Y (voluntary dismissal of trust's claims because of failure to state a claim); *Wethy v. Hughes, Watters & Askanase LLP*, 4:12-cv-657-A (dismissal of trust's claims for failure to prosecute); *Thomas et al. v. Dovenmuehle, Ltd., et al.*, 4:12-cv-837-A (dismissal of trust's claims for failure to state a claim); *Thomas et al. v. LPP Mortgage Ltd*, 4:13-cv-132-A (dismissal of trust's claims for failure to comply with court order); *The Big Modesto Trust et al. v. LPP Mortgage Ltd., et al.*, 4:13-cv-157-Y (show cause order for appearance by licensed counsel on behalf of the trust pending); *2832 Conrad Family Trust v. Hayes, et al.*, 4:13-cv-318-A (trust's claims dismissed for lack of counsel).

[3] *See Hoskins et al. v. Hughes, Watters & Askanase LLP*, 3:12-cv-5272-L (voluntary dismissal in lieu of compliance with order requiring response to magistrate judge's questionnaire); *Wethy v. Ortolani et al.*, 3:13-CV-593-M (individual claims dismissed for want of prosecution); *Burns et al. v. Bayview Loan Serv., LLC*, 3:13-CV-657-B (claims dismissed for failure to respond to show cause order or to participate in litigation); *Wethy v. Mortgage Electronic Registration Sys., et al.*, 3:13-cv-1265-D (individual claims dismissed for failure to prosecute or follow court orders); *Wethy v. Midfirst Bank*, 4:11-cv-265-Y (dismissal for lack of jurisdiction after the plaintiff failed to comply with court order to file an amended complaint invoking the Court's jurisdiction); *New Vision Investments et al. v. PNC Bank Nat'l Assn et al.*, 4:12-cv-612-Y (voluntary dismissal of individual claims in lieu of filing more definite statement); *Trussell et al. v. Arbor et al.*; 4:12-cv-892-Y (dismissal for lack of prosecution); *Vickers et al. v. Barrett Daffin Frapier Turner & Engel LLP et al.*, 4:13-cv-73-Y (dismissal for lack of prosecution).

court orders, he should be warned that abuses of the litigation process may result in sanctions, including monetary sanctions and the prohibition of filing future cases *in forma pauperis* or except by leave of court.

## V.  RECOMMENDATION

The individual plaintiff's claims should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to follow court orders, unless he files a proper motion to proceed *in forma pauperis* or pays the filing fee, and he files an amended complaint, within the time for objecting to this recommendation.  Because the individual plaintiff may not prosecute this complaint on behalf of the trust without legal counsel, the trust's claims should be dismissed without prejudice, unless licensed counsel enters an appearance on its behalf within the time for objection to this recommendation.  In addition, the plaintiff should be warned of potential sanctions if he continues to fail to follow court orders, to file *pro se* cases on behalf of a trust or corporation, or to file frivolous cases or cases that he does not prosecute.

**SIGNED** on this 17th day of July, 2013.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE